UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSE COBLEIGH, <br><br> Plaintiff, <br><br> v. <br><br> ENHANCED RECOVERY COMPANY, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br><br> CASE NO. 1:21-cv-03033 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** Rose Cobleigh ("Plaintiff"), by and through her undersigned attorneys, complaining as to the conduct of Enhanced Recovery Company, LLC, ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) Plaintiff resides in the Northern District of Illinois, Defendant conducts business in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

### PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

1

5. Defendant is a debt collection agency with its principal place of business located at 8014 Bayberry Road, Jacksonville, Florida 32256. Defendant engages in collection activities in the state of Illinois.

6. Defendant is a collection agency with the primary business purpose of collecting or attempting to collect consumer debts owed or allegedly owed to others. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and/or telephone, including consumers in the State of Illinois.

### FACTS SUPPORTING CAUSES OF ACTION

7. On February 20, 2021, Plaintiff began receiving collection calls to her telephone number (773) XXX-7875 from Defendant attempting to collect an alleged debt unknown to Plaintiff ("alleged debt").

8. At all relevant times, Plaintiff is the sole subscriber, owner, possessor, and operator of the telephone number ending in 7875.

9. Plaintiff was perplexed as to why Defendant was calling her because the alleged debt Defendant was attempting to collect did not belong to her, but rather was owed by an individual named "Dorthia Parson."

10. Plaintiff *never* provided her telephone number to Defendant or otherwise expressly consented to Defendant's phone calls.

11. Sometime in March 2021, Plaintiff answered a call from Defendant to inquire as to why Defendant was calling her.

12. Upon learning that Defendant was calling for Dorthia Parson, Plaintiff informed Defendant that it had the wrong number and that she wanted the calls to cease.

2

13. Despite knowing that Plaintiff was not "Dorthia Parson" and that Plaintiff's phone number was the wrong number to reach that consumer, Defendant continued to call Plaintiff at an unnecessary and harassing rate.

14. Frustrated with the frequent harassing collection calls, Plaintiff called Defendant on and spoke with a representative.

15. Defendant's representative informed Plaintiff once again that Defendant was attempting to reach "Dorthia Parson."

16. Plaintiff told Defendant that it was calling the wrong party and that she wanted the calls to cease.

17. In the calls that Plaintiff did answer, Plaintiff was greeted by a pre-recorded message instructing her to press "1" to be transferred to a live representative or press another number if she was not "Dorthia Parson." On multiple occasions, Plaintiff entered the other number as she was not "Dorthia Parson."

18. Defendant has used numerous phone numbers to place collection calls to Plaintiff's phone number, including but not limited to (331) 255-3090, (331) 255-0371, (331) 255-0638, (331) 255-1089, (800) 875-5164, and (331) 255-3038.

19. Upon information and belief, it may have also used other phone numbers to place calls to Plaintiff's telephone in an attempt to collect on the alleged debt.

20. Notwithstanding Plaintiff's multiple requests that Defendant's collection calls cease, Defendant placed or caused to be placed numerous calls from February 2021 through the present day in an attempt to collect on a defaulted debt belonging to another person without Plaintiff's prior express consent.

3

**DAMAGES**

21. Defendant's excessive and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

22. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

23. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's telephone capacity, wasting Plaintiff's time, harassment, emotional distress, anxiety, and loss of concentration.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

26. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

27. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged debt after it was in default. 15 U.S.C. §1692a(6).

28. The alleged debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

29. Defendant used the phone to attempt to collect the alleged debt from Plaintiff and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

30. Defendant's phone communications to Plaintiff were made in connection with the collection of the alleged debt.

31. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e, e(2), e(10), f, and f(1) through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

    a. **Violations of FDCPA § 1692c**

32. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop and that she was not the correct person Defendant was attempting to contact. This repeated behavior of continuously and systematically calling Plaintiff's telephone after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her and that she was not the owner of the debt, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying a debt that she did not legally owe as it belonged to another individual.

33. Moreover, Defendant was repeatedly notified by Plaintiff that she is not the individual it was looking for and that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her.

    b. **Violations of FDCPA § 1692d**

34. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's telephone seeking immediate payment on a debt that did not belong to her. Moreover, Defendant continued placing the calls after Plaintiff put Defendant on notice that she did not owe the alleged debt and demanded that the calls cease.

35. Defendant violated §1692d(5) by causing Plaintiff's telephone to ring in an attempt to engage Plaintiff in conversations regarding the collection of a debt not owed by Plaintiff with the intent to annoy, abuse, or harass Plaintiff.

### c. Violations of FDCPA § 1692e

36. Defendant violated §1692e, e(2), and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt from Plaintiff. Defendant knowingly contacted the wrong party seeking to collect upon a debt not owed by Plaintiff. Even after being apprised of its unlawful acts, Defendant continued its harassing behavior by calling Plaintiff in a deceptive attempt to force her to answer its calls and ultimately make a payment, even though the debt did not belong to her. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her when it never had prior consent to do so in the first place.

### d. Violations of FDCPA § 1692f

37. Defendant violated §1692f and f(1) when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff and asking to speak with an individual who was not Plaintiff. Defendant repeatedly attempted to coerce Plaintiff into making a payment that she did not legally owe. These means employed by Defendant only served to worry and confuse Plaintiff.

38. Defendant had enough information to be aware of the fact that it was calling the wrong person. Nevertheless, it persisted with its phone call campaign in contacting the wrong individual, and knew that its conduct was inconvenient and harassing to Plaintiff.

39. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the phones of consumers that do not legally owe such debt.

40. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

41. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff Rose Cobleigh respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: June 7, 2021                      Respectfully Submitted,

/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com